UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Order of Restitution |
| WILLIAM TOMITA, | : | S1 22 Cr. 231 (LTS) |
| Defendant. | : | |

---

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Alexandra Rothman, Samuel P. Rothschild, and Andrew Thomas, Assistant United States Attorneys, of counsel; the presentence investigation report; the defendant's conviction on Counts One through Five of the Information S1 22 Cr. 231 (LTS); all other proceedings in this case and in the related matter of *United States v. Sung Kook (Bill) Hwang, et al.*, 22 Cr. 240 (AKH) (the "*Hwang* Matter"); and the consent of the defendant, William Tomita, by his attorney Helen V. Cantwell, Esq., it is hereby ORDERED that:

### 1.   Amount of Restitution

William Tomita, the defendant, shall pay restitution in the total amount of $1,568,253,586 (one billion five-hundred sixty-eight million two-hundred fifty-three thousand five-hundred eighty-six dollars) pursuant to 18 U.S.C. § 3663 and 18 U.S.C. § 3663A, to the victims of the offenses charged in Counts One through Five. This amount consists of one-sixth of the sum of (i) the $9,376,525,023.18 (nine billion three-hundred seventy-six million five-hundred-twenty-five thousand twenty-three dollars and eighteen cents) loss amount determined by the Court in the *Hwang* Matter as to the counterparty banks and (ii) the $32,996,491.58

1

(thirty-two million nine-hundred ninety-six thousand four-hundred ninety-one dollars and fifty-eight cents) loss amount determined by the Court in the *Hwang* Matter as to certain former Archegos employees. The names and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

### A.    Joint and Several Liability

Pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victims' losses and the economic circumstances of each defendant. The defendant's joint and several liability is capped at one-sixth of the total amount of restitution owed to victims. Restitution payments by Bill Hwang (22 Cr. 240), Patrick Halligan (22 Cr. 240), and Scott Becker (22 Cr. 231) shall be credited against the total outstanding restitution amount, such that no victim may recover more than the amount specified in the Schedule of Victims.

### B.    Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims in two phases, as follows:

Restitution shall first be paid to individual victims, up to the amounts identified in Part 1 of the Schedule of Victims, on a pro rata basis;

After the individual victims have fully recovered the amounts in Part 1 of the Schedule of Victims, restitution shall next be paid to the persons and entities identified in Part 2 of the Schedule of Victims, up to the amounts identified in Part 2, on a pro rata basis.

2.    **Schedule of Payments**

The total amount of restitution is due immediately; however, pursuant to 18 U.S.C. § 3664(f)(2) and 18 U.S.C. § 3572(d)(1) and (2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule set forth below:

First, the defendant shall make minimum monthly payments on the restitution balance in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The defendant shall commence monthly installment payments upon conclusion of all appeals in the *Hwang* Matter in an amount equal to 15 percent of his gross income during the prior month, and monthly installment payments in an amount equal to 15 percent of his monthly gross income shall be due on the 5th day of each month thereafter, including during any period that defendant is in custody. The payments shall be made to the Clerk of the Court or other Court official designated to receive and disburse restitution funds.

Second, the payment schedule described above is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A), to the extent warranted, or a victim to do the same to the extent authorized by law, except that the Government and any victim may not enforce this Order in a manner that would require the defendant to sell his primary residence.

3.    **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online.

3

Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The defendant shall write his name and the docket number of this case on each check or money order.

4.      **Change in Circumstances**

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The requirement for interest is waived, pursuant to 18 U.S.C. § 3612(f)(3)(A), provided that the defendant complies with the Schedule of Payments set forth above.

5.      **Term of Liability**

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

4

6.    **Sealing**

Consistent with 18 U.S.C. §§ 3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of the defendant, defendant's family, and victims, the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____          Oct 21, 2025
HONORABLE LAURA TAYLOR SWAIN              DATE
CHIEF UNITED STATES DISTRICT JUDGE

5