UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

WILLIAM TOMITA,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S1 22 Cr. 231 (LTS)

      WHEREAS, on or about April 22, 2022, WILLIAM TOMITA (the "Defendant"), among others, was charged in a five-count Superseding Information, S1 22 Cr. 231 (LTS) (the "Information"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Two); market manipulation, in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff; and Title 18, United States Code, Section 2 (Count Three); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Four); and wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Five);

      WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of (i) any interest acquired or maintained in violation of Section 1962; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, and enterprise the Defendant and his co-conspirators established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and (iii) any

property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One of the Information;

WHEREAS, the Information included a forfeiture allegation as to Counts Two through Five of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts Two through Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two through Five of the Information;

WHEREAS, on or about April 22, 2022, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a cooperation agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, (i) any interest acquired or maintained as a result of the racketeering activity charged in Count One of the Information; (ii) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the Defendant has established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18, United States Code, Section 1962, as charged in Count One of the Information; and (iii) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One of the Information;

WHEREAS, the Defendant further admits the forfeiture allegation with respect to Counts Two through Five of the Information and agreed to forfeit to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, that constitutes or is derived from the commission of the offenses charged in Counts Two through Five of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Two through Five of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,780,000 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One through Five of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the following:

    a. Archegos Capital, LLC;

    b. Archegos Capital Management, LP;

    c. Archegos Fund LP;

    d. Archegos Capital Partners LLC;

    e. Archegos Fund LLC;

    f. Archegos FOF GP LLC; and

    g. Archegos Fund of Funds LP;

(a. through h., collectively, the "Specific Property"), which constitutes any and all property, real or personal, that constitutes or is derived from the commission of the offenses charged in Counts Two through Five of the Information;

WHEREAS, the Government and the Defendant agree that payment by the Defendant of $100,000 in United States currency, within one year of the entry of a judgment (the "Satisfaction Payment") will constitute full satisfaction of the $1,780,000 money judgment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Five of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Alexandra Rothman, Samuel P. Rothschild, and Andrew Thomas, of counsel, and the Defendant and his counsel, Helen V. Cantwell, Esq., Douglas S. Zolkind, Esq., and Steven Tegrar, Esq., that:

1. As a result of the offenses charged in Counts One through Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,780,000 in United States currency (the "Money Judgment"), representing property constituting, or derived from, any proceeds obtained, directly or indirectly, from the offenses charged in Counts One through Five of the Information, shall be entered against the Defendant.

2. Payment by the Defendant of the Satisfaction Payment within one year of the entry of a judgment will constitute full satisfaction of the Defendant's Money Judgment.

Should the Defendant not make the entire Satisfaction Payment within one year of the judgment, the Money Judgment shall remain in full force and effect, and the Government shall retain all rights to collect against said Money Judgment.

3. As a result of the offenses charged in Counts One through Five of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

6. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9.  The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          10/21/2025
    ANDREW THOMAS                            DATE
    ALEXANDRA ROTHMAN
    Assistant United States Attorneys
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2106 / -2580


WILLIAM TOMITA

By: _____          10/21/2025
    WILLIAM TOMITA                           DATE

By: _____          10/21/25
    HELEN V. CANTWELL                        DATE
    DOUGLAS S. ZOLKIND
    STEVEN TEGRAR
    Attorneys for Defendant
    Debevoise & Plimpton LLP
    66 Hudson Boulevard
    New York, NY 10001


SO ORDERED:

_____              October 21, 2025
HONORABLE LAURA TAYLOR SWAIN                 DATE
CHIEF UNITED STATES DISTRICT JUDGE